| | | | |
|---|---|---|---|
| | AUSA: Diane Princ | Telephone: (313) 226-9100 | |
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Sean Killian | Telephone: (313) 965-2323 | |

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
v.

Bryce Silas Patterson

Case No.

Case: 2:26−mj−30133
Assigned To : Unassigned
Assign. Date : 3/13/2026
Description: RE: SEALED MATTER
(EOB)

### CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____April 1, 2025 - December 15, 2025____ in the county of ____Wayne____ in the ____Eastern____ District of ____Michigan____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1591(a) | Sex trafficking of minors. |
| 18 U.S.C. § 2251 | Sexual exploitation of children. |
| 18 U.S.C. § 2252A(a)(5)(B) | Possession of child pornography. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Sean Killian, Special Agent-FBI
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: ____March 13, 2026____

_____
*Judge's signature*

City and state: __Detroit, Michigan__

Hon. David R. Grand, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Sean Killian, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, depose and state as follows:

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since April of 2022. I am assigned to the FBI Detroit Division on the Southeast Michigan Trafficking and Exploitation Crimes (SEMTEC) Task Force. Prior to employment with the FBI, I was a police officer in Indiana for approximately seven years. I have experience investigating child sexual exploitation and human trafficking crimes and have also been trained specifically on these types of investigations. I have consulted with numerous other SEMTEC agents, including those that have worked on crimes against children investigations to include child pornography and child sexual exploitation.

2.      As an FBI Special Agent, I am authorized to investigate violations of the laws of the United States, and I am a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3.      This affidavit is submitted in support of an application for a criminal complaint and arrest warrant for BRYCE SILAS PATTERSON for violations of 18 U.S.C. § 1591(a) (sex trafficking of a minor), 18 U.S.C. § 2251 (sexual exploitation of children), and 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography). The statements contained in this affidavit are based in part on

1

information provided by witnesses, information conveyed to me by other law enforcement officials, and my experience, training, and background as a Special Agent.

4.      This affidavit is submitted for the limited purpose of securing a complaint and an arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause that PATTERSON has violated the offenses referenced in this complaint.

### PROBABLE CAUSE

**A. Sex Trafficking of Minor Victim 1**

5.      On December 15, 2025, SEMTEC conducted an undercover operation to recover Minor Victim 1 ("MV-1") who they believed was a victim of sex trafficking. MV-1 is a real person whose identity I know and who was born in December of 2009.

6.      SEMTEC agents found an online commercial sex advertisement for MV-1 posted on Megapersonals.eu on December 15, 2025. The ad depicted MV-1 and advertised her for commercial sex work. An undercover agent contacted the phone number listed on the advertisement and arranged a commercial sex date. The contact phone number directed the undercover agent to the 100 Block of Glynn Court, Detroit, Michigan. Upon arrival at Glynn Court, SEMTEC recovered MV-1.

2

7.     MV-1 was forensically interviewed on January 13, 2026. The following is a summary of some of the information that she provided.

    a.  MV-1 met PATTERSON through a phone application in or around the summer of 2025.

    b.  PATTERSON advised MV-1 he could assist in posting commercial sex date advertisements for her.

    c.  PATTERSON advised MV-1 he wanted her to pay him $50 per day for posting her commercial sex ads for her or $20 per outcall date to cover PATTERSON's gas costs for driving her to the dates. In my training and experience, I know that an "outcall date" involves the individual offering sex work going to the sex buyer's location to perform the sex date.

    d.  MV-1 would give PATTERSON cash or pay PATTERSON via Cash App in exchange for posting commercial sex advertisements of her or transporting her to outcall dates.

    e.  PATTERSON would include pictures of girls he would post commercial sex date advertisements for. MV-1 took her own photos, which PATTERSON then used in the commercial sex advertisements that he created and posted for MV-1.

3

    f.  MV-1 and PATTERSON had sex on her sixteenth birthday (which was in December 2025).

    g.  PATTERSON told MV-1 he had a firearm and "don't play about [his] money."

    h.  During MV-1's forensic interview, she positively identified a photograph of PATTERSON.

8.    MV-1 consented to a search of her cellular phone, which revealed a continuous text conversation between MV-1 and a phone number known by investigators to be utilized by PATTERSON.

9.    Throughout the text conversation with MV-1, MV-1 and PATTERSON discuss PATTERSON posting commercial sex advertisements of MV-1, PATTERSON transporting MV-1 to outcall sex dates, and pricing for MV-1's sex dates.

10.    SEMTEC agents located approximately six online commercial sex ads and 16 reposts of those ads posted between December 7, 2026 and December 14, 2026 depicting MV-1 and advertising commercial sex with her. The advertisements listed availability in the metro Detroit area.

11.    SEMTEC agents reviewed a commercial sex advertisement for MV-1 that was posted on December 14, 2025. The ad depicted MV-1 and advertised her for commercial sex work. Comcast records indicate that the IP service address used

4

to post the advertisement was an address known to law enforcement (ADDRESS 1) as being associated with PATTERSON.

12.     On February 13, 2026, SEMTEC agents executed a search warrant at ADDRESS 1. At ADDRESS 1, SEMTEC agents located PATTERSON and PATTERSON's cellular device.

13.     SEMTEC agents interviewed PATTERSON regarding sex trafficking and posting of commercial sex advertisements. PATTERSON stated girls would come to him through word of mouth and request he post commercial sex advertisements. PATTERSON identified a photo of MV-1 and acknowledged posting commercial sex advertisements of her and taking her on outcall sex dates. PATTERSON stated MV-1 would pay him for the posts or for gas to take her out on sex dates. PATTERSON stated he and MV-1 had sex on one occasion in December of 2025. PATTERSON agreed with SEMTEC agents that MV-1 looked young. PATTERSON indicated he had asked MV-1 about her age previously because she did not have identification. PATTERSON added that girls often lie about their age so he would try to check identification. When PATTERSON was asked why he did not do that with MV-1, PATTERSON responded, "yeah, you're right."

**B. Sexual Exploitation and Sex Trafficking of MV-2**

14.     Pursuant to a search warrant, I searched PATTERSON's cellular device that agents seized during the search of his residence. I found five images and one video of Minor Victim 2 (MV-2). MV-2 is a real person whose identity I know and who was born in September of 2010. Some of the images and video found of MV-2 contained child sexual abusive material. One video and photo found in the device's photo gallery, dated April 27, 2025 at 10:48 PM and 10:49 PM respectively, depict MV-2 performing oral sex on a male whose body shape and skin color are consistent with PATTERSON's. MV-2 was 14 years old at the time the video was created. The meta-data location coordinates for the video and photo locate to a residence PATTERSON had previously told investigators he owned. The four photos immediately following the oral sex video and photo are photos that appeared to be MV-2.

15.     Investigators located a commercial sex advertisement posted on Megapersonals.eu on April 27, 2025, advertising MV-2 for commercial sex. The ad listed PATTERSON's phone number as the contact number for sex buyers. The ad included the same four photos of MV-2 found in PATTERSON's phone. The advertisement indicated that MV-2 was available to provide oral sex and for outcall commercial sex dates.

16.     Investigators reviewed text message communications on PATTERSON's device with timestamps immediately following the commercial sex advertisement posted of MV-2 on April 27, 2025. The device included numerous communications between PATTERSON and suspected commercial sex buyers discussing prices, locations, and confirmations of commercial sex dates. In at least one of the communications, PATTERSON, posing as MV-2, tells a customer that MV-2 would need to pay her driver. A screenshot located on PATTERSON'S phone dated April 28, 2025, depicts MV-2 asking PATTERSON, "We going out again tn?"

17.     In my training and experiencing working human trafficking cases, I know it is common for girls engaged in commercial sex outcall dates to be driven around by a handler, typically a male, to provide security and transportation to the dates. Given (1) the video depicting MV-2 providing oral sex to a male at a residence known to belong to PATTERSON, (2) the commercial sex advertisements posted shortly thereafter utilizing photos of MV-2 and PATTERSON's own cellphone number, and (3) the follow-up text from MV-2 to PATTERSON asking "We going out again tn?," it is reasonable to believe that PATTERSON was setting up commercial sex dates and transporting MV-2 to commercial sex dates on or around April 27, 2025.

7

18.    In my training and experience, I know that Megapersonals.com is a website commonly used to post commercial sex advertisements. Users must pay to post ads on Megapersonals. Megapersonals' servers are located outside of the United States. Therefore, positing an ad on Megapersonals from within the United States affects interstate commerce.

19.    MV-2's phone was collected by agents in May 2025, and she consented to a search of her phone at that time. After the investigation into PATTERSON began, agents searched MV-2's phone for communications with PATTERSON's known phone number. Agents located numerous text messages between them, including messages discussing commercial sex dates by MV-2. In the same text thread, agents located a text message from PATTERSON on May 10, 2025, in which he acknowledges that she is 14 years old.

20.    There is probable cause to believe the phone seized from PATTERSON, an Apple iPhone 15 that contains the oral sex video depicting MV-2 described above, was manufactured outside the state of Michigan. I know based upon an internet query that Apple manufactured the iPhone 15 in India and China. I also know that Apple does not manufacture its phones in the United States or more specifically in Michigan. PATTERSON's phone, which there is probable cause to believe was used to record the oral sex video of MV-2, thus travelled in or affected interstate commerce before coming into PATTERSON's possession.

8

Additionally, in my training and experience, I know that sending and receiving text messages, as well as posting commercial sex advertisements online, requires use of the internet.

21.     Based on the above information, there is probable cause to believe PATTERSON committed violations of 18 U.S.C. § 1591(a) (sex trafficking of minors), 18 U.S.C. § 2251 (sexual exploitation of children), and 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography).

### CONCLUSION

17.     Based on the foregoing, there is probable cause to believe that BRYCE SILAS PATTERSON violated 18 U.S.C. § 1591(a) (sex trafficking of a minor), 18 U.S.C. § 2251 (sexual exploitation of children), and 18 U.S.C. § 2252A(a)(5)(B) (possession of child pornography).

Respectfully submitted,

Sean Killian
Special Agent
Federal Bureau of Investigation

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Hon. David R. Grand
United States Magistrate Judge

Date:   March 13, 2026

9